**Lorenzo R. JAQUES, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 01–90–00449–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 29, 1991.

Rehearing Overruled Oct. 3, 1991.

Kerry G. Fellows, Houston, for appellant.

James D. Ebanks, James D. Robinson, Houston, for appellee.

Before DUGGAN, O'CONNOR and MIRABAL, JJ.

OPINION

MIRABAL, Justice.

This is an appeal from a judgment striking appellant's pleadings and dismissing his case with prejudice, as sanctions for failure to comply with a court order to answer interrogatories. We reverse and remand.

On October 4, 1988, appellant, Lorenzo Jaques ("Jaques"), was injured at work. Jacques filed a workers' compensation claim, and the Industrial Accident Board made a ruling and award on May 1, 1989. The employer's carrier, Texas Employers' Insurance Association ("TEIA"), appealed by filing suit on May 19, 1989, and the parties were realigned by the trial court.

On July 7, 1989, TEIA sent interrogatories to Jaques, which were answered in due time. However, Jaques objected to questions 13, 16, and 17.[1] TEIA filed a motion to compel answers to these interrogatories on September 15, 1989. A "submission notice" was sent to Jaques' attorney on September 14, 1989, with a submission date of September 25, 1989. A reply was filed by Jaques on September 22, 1989, stating reasons for the answers given, but no demand for oral hearing was made. The trial court issued an order on September 27, 1989, instructing Jaques to answer interrogatories 13, 16, and 17 within 30 days, and to pay TEIA attorney's fees of $250 within 30 days. Jaques filed a request for rehearing of the motion to compel, and requested an oral hearing. The trial court denied the

1. The interrogatories and answers given were:
13. With regard to your weekly compensation benefits checks, please state:
a) The total number of weekly compensation checks paid to you; and
A: This information can be easily found in your files.
b) The amount of your weekly compensation checks.
A: See 13a.

16. State the name and address of each expert witness whom you intend to call to testify as a witness in the trial of this case.
Objection.
17. For each and every expert witness you have identified as being a witness or potential witness at trial, state in detail the subject matter and the substance of the testimony about which each expert is expected to testify.
See # 16.

motion for rehearing without an oral hearing.

Jaques did not re-answer interrogatories 13, 16, and 17, and, on February 7, 1990, TEIA filed a motion for sanctions for failure to comply with the trial court's order. A submission notice was sent to Jaques' attorney, with a submission date of February 19, 1990. On February 14, 1990, Jaques filed a response to the motion for sanctions, requested an oral hearing on the motion, and requested a record of the hearing be made. No oral hearing was held. On February 19, 1990, the trial court issued the following order:

> BE IT REMEMBERED that on this day, in due time and after due notice, came on for consideration Defendant's *Motion for Sanctions for Failure to Comply with this Court's Order* compelling Plaintiff to answer certain Interrogatories. The Court, having read the pleadings and considered the motion and response, if any, finds that Plaintiff's failure to comply with this Court's Order of September 27, 1989, constitutes an abuse of the discovery process and entitles this Defendant to sanctions as provided by Rule 215, Texas Rules of Civil Procedure; it is, therefore,
>
> ORDERED, ADJUDGED, and DECREED that Plaintiff's pleadings be stricken and this cause of action be dismissed with prejudice to the refiling of same.

On March 16, 1990, Jaques filed a motion for rehearing of the motion for sanctions, and requested an oral hearing. TEIA filed a response on March 19, 1990. The trial court did not rule on the motion for rehearing. Jaques perfected his appeal.

In his first point of error, Jaques contends, in part, that the trial court abused its discretion by striking his pleadings and dismissing his case with prejudice.

Rule 215(2)(b) provides:

> "If a party ... fails to comply with proper discovery requests or to obey an order to provide or permit discovery ... the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:
>
> ....
>
> (5) An order striking out the pleadings or parts thereof ... or dismissing with or without prejudice the action or proceedings or any part thereof ... against the disobedient party."

Jaques argues that the trial court should not have ordered him to answer interrogatories 13, 16, and 17, because he had good reasons for not answering them. In his written response to TEIA's motion for sanctions, Jaques stated "plaintiff herein stands by his previous responses." Jaques then repeated the arguments he had previously made in response to TEIA's motion to compel answers to interrogatories—the same arguments the trial court had rejected four months earlier when it ordered Jaques to answer the three interrogatories.[2]

The order the trial court signed, which struck Jaques' pleadings and dismissed the case with prejudice, has an alternative decretal paragraph crossed-out and initialed by the trial judge. The crossed-out paragraph would have ordered Jaques to pay an additional $250 in attorney's fees and to answer the interrogatories within five days. On the docket sheet appears the following notation regarding Jaques' response to TEIA's motion for sanctions: "*Note* plaintiff says doesn't need to answer—." It appears clear from the docket sheet notation and the crossed-out paragraph in the judgment that the trial court had lost patience with Jaques.

Jaques was faced with a direct court order to answer the interrogatories within

---

**2.** Jaques contended, in response to interrogatory 13, that TEIA had equal or better access to records that would provide the information requested, so Jaques had no responsibility to answer the interrogatory.

In response to interrogatories 16 and 17, Jaques contended TEIA improperly requested information about expert witnesses Jaques "intends to call," rather than asking about experts he "may call" at trial; he claimed trial strategy/work product privilege (asserted for first time in his response to the motion to compel).

30 days. He chose to ignore the order, and provided no excuse for his failure to answer the interrogatories other than his continued belief that he should not have to answer the interrogatories.

 Discovery sanctions are imposed to (1) secure the parties' compliance with the rules of discovery, (2) deter other litigants from violating the discovery rules, and (3) punish parties that violate the rules of discovery. *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986). While we can understand the trial court's reason for entering the complained of order, we must review its action in light of the very recent Texas Supreme Court opinion in *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913 (1991). The court said:

> Although punishment and deterrence are legitimate purposes for sanctions ... they do not justify trial by sanctions.... Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules.

*Id.* at 918.

As in *TransAmerican,* the sanctions imposed by the trial court here are the most devastating a trial court can assess against a party. In the present case, as in *TransAmerican,* it is not clear whether Jaques or his counsel should be faulted for Jaques' failure to answer the interrogatories. In the present case, as in *TransAmerican,* it appears lesser sanctions should have been imposed first.

The record here shows the trial court did consider imposing lesser sanctions of another assessment of attorney's fees, coupled with another order to Jaques to answer the interrogatories, and that the trial court purposely rejected this option by striking through that alternative paragraph. However, we believe lesser sanctions than striking pleadings and dismissal would have been effective and should have been utilized. For example, the trial court could have again ordered Jaques to answer the three interrogatories, stating in the or-

der that his failure to do so would result in his pleadings being stricken and his case being dismissed; if Jaques failed to comply with that order, with full notice of the "death penalty" consequences, we believe such sanctions would be appropriate. The trial court could also have considered the sanction of contempt, in the event the interrogatories weren't answered promptly, or other sanctions available under Rule 215. We believe, on the record before us, lesser sanctions should have been utilized and probably would have been effective.

Accordingly, we sustain point of error one.

In view of our sustaining point of error one, it is not necessary to address point of error two, and we decline to do so.

We reverse the judgment and remand the case.