**In re Alvin BARNES.**

**No. 13–97–711–CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 6, 1997.

Gene A. Garcia, Corpus Christi, for Relator.

Ronald Yeager, Sinton, for Respondent.

Allan R. King, Corpus Christi, for Real Party In Interest.

Before SEERDEN, C.J., and YANEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Relators bring this original mandamus action complaining of the Honorable Ronald M. Yeager's dismissal of their claims and causes of action in the suit styled *Harris and Mary L. Katchen and Harry Katchen as Representative of the Residents of Sylvan Heights v.*

1. All defendants, real parties-in-interest herein,

*City of Rockport, Mayor Ray O'Brien, Leo Villa, Allen Ray Moers, Glinda Burdick, and Warren Steinway,*[1] Cause No. A–96–0078–CV, in the District Court of Aransas County, Texas, 36th Judicial District. We conditionally grant mandamus relief.

In the underlying suit, the City of Rockport passed an ordinance that required Relators to connect to the City's proposed sanitary sewer system and assessed the landowners $31.16 per linear foot of frontage property to pay for the cost of the system installation. In connection with the construction of the sewer connection, the City filed a "Notice of Intent to File Lien," which created a cloud on Relators' title to their property. They filed suit requesting a temporary injunction, as well as other equitable relief.

The following events then occurred:

11–01–96   The City files Interrogatories and requests for production.

01–03–97   Attorneys file Rule 11 agreement. Parties agree that all plaintiffs will respond fully to interrogatories 1, 4, and 5 and that the responses of Mr. and Mrs. Katchen to interrogatories 2, 3, and 6 through 23 will be deemed made on behalf of each plaintiff.

02–01–97   Verified responses to interrogatories due.

05–12–97   The City files a motion for sanctions requesting responses.

06–10–97   Respondent orders Relators to comply with the Rule 11 agreement by June 24, 1997.

06–24–97   Relators file unverified responses.

07–17–97   The City files a second motion for sanctions and requests dismissal.

07–29–97   Respondent dismissed by agreement fifty-three Plaintiffs. Relators' counsel states he has the verified responses, but none are filed.

will be collectively referred to as "the City."

09–18–97 The City files its third motion for sanctions.

09–22–97 Katchen files his verification page.[2]

09–22–97 Respondent conducts a non-evidentiary hearing on the City's third motion for sanctions, and thereafter dismisses all plaintiffs' causes of action with the exception of Harris and Mary Katchen.

The rules of civil procedure require that "the answers [to interrogatories] shall be signed and verified by the person making them and the provisions of Rule 14 [allowing verification by attorney] shall not apply." TEX.R.CIV.P. 168(5); *$23,900.00 v. State*, 899 S.W.2d 314, 317 (Tex.App.—Houston [14th Dist.] 1995, no writ).

■ If a party does not timely answer interrogatories, rule 215 allows the opposing party to apply for any sanction which paragraph 2(b) authorizes. TEX.R.CIV.P. 215(1)(b)(3)(b). Paragraph 2(b) permits the trial court to enter an order dismissing, with or without prejudice, the action or proceeding or any part thereof. TEX.R.CIV.P. 215(2)(b)(5). The choice of the appropriate sanction is left to the sound discretion of the trial court. *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991) (orig. proceeding). We recognized in *Fultz v. Cummins Sales & Serv., Inc.*, 587 S.W.2d 515, 519 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.), however, that such sanctions must be just. This is particularly true when the sanction is so severe as to preclude presentation of the merits. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992) (orig. proceeding).

In discussing what is meant by just, the supreme court stated:

In our view, whether an imposition of sanctions is just is measured by two standards. First, a direct relationship must exist between the offensive conduct and the sanction imposed. This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. It also means that the sanction *should be visited upon the offender* .... [A] party should not be punished for counsel's conduct in which it is not implicated apart from having entrusted to counsel its legal representation. The point is, the sanctions the trial court imposes must relate directly to the abuse found.

Second, just sanctions must not be excessive. The punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance.

*TransAmerican,* 811 S.W.2d at 917 (emphasis added); *see also Smith v. Nguyen*, 855 S.W.2d 263, 266 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

■ We now measure the dismissal order by these standards. We conclude, for reasons that follow, that Respondent's order failed to meet the *TransAmerican* standards.

Respondent's order extinguished Relators' lawsuit because their counsel did not file verified responses to interrogatories when he had represented to Respondent and opposing counsel that the verifications would be forthcoming. This order had the effect of punishing Relators for the conduct of their counsel. At the hearing on the City's motion for sanctions, no attempt was made to determine who the offending party was in this discovery dispute. There was no evidence that Relators knew the interrogatories had to be verified, that there was a conscious decision on the part of the Relators not to comply with the rules of civil procedure by not providing verified answers, or that Relators themselves were doing anything to thwart the discovery process.

Because Respondent made no attempt to determine who the offending party was, the death penalty sanctions order was not just.

---

**2.** Pursuant to the Rule 11 agreement this verification would also verify the answers to the other plaintiffs' interrogatory answers 2, 3, and 6 through 23.

We are also persuaded the sanction was not just because there is nothing in the record to reflect Respondent considered a lesser sanction to the dismissal of Relators' suit. Severe sanctions are inappropriate in the absence of a party's bad faith or counsel's callous disregard for the responsibilities of discovery under the rules. *TransAmerican,* 811 S.W.2d at 918. Even then, the supreme court requires that lesser sanctions must first be tested to determine whether they are adequate to secure compliance, deterrence, and punishment of the offender. *Id.; Chrysler Corp.,* 841 S.W.2d at 849.

The City claims Relators entering into a rule 11 agreement and agreed orders constituted lesser sanctions. The case of *Andras v. Memorial Hosp. System,* 888 S.W.2d 567 (Tex.App.—Houston [1st Dist.] 1994, writ denied), compels us to disagree.

In that case, three orders to compel discovery preceded the "death penalty." None included monetary penalties, attorney's fees, contempt, nor other punishment. The *Andras* court noted it had previously held that an order to compel, standing alone, is not the type of lesser sanction that must precede the ultimate sanction. *See Bair v. Hagans,* 838 S.W.2d 677, 681 (Tex.App.—Houston [1st Dist.] 1992, writ denied). However, it recognized that an order to compel, joined with a statement that noncompliance would result in dismissal, does constitute a lesser sanction. *Jaques v. Texas Employers' Ins. Ass'n,* 816 S.W.2d 129, 131 (Tex.App.—Houston [1st Dist.] 1991, no writ).

In *Jaques,* the First Court wrote:

We believe lesser sanctions than striking pleadings and dismissal would have been effective and should have been utilized. For example, the trial court could have again ordered Jaques to answer the three interrogatories, stating in the order that his failure to do would result in his pleadings being stricken and his case being dismissed; if Jaques failed to comply with that order, with full notice of the "death penalty consequences," we believe such sanctions would be appropriate.

*Andras,* 888 S.W.2d at 573 (quoting *Jaques,* 816 S.W.2d at 131).

In the present case, Respondent failed to implement lesser sanctions before it imposed death penalty sanctions against Relators, and thus, the sanction order was not just.

Because Respondent did not comply with the standard enunciated by the supreme court in *TransAmerican,* he abused his discretion in dismissing Relators' suit. We conditionally grant a writ of mandamus ordering Respondent to set aside his September 22, 1997 order of dismissal. However, the writ will not issue unless the trial court fails to act consistent with this opinion.