

# NUMBER 13-16-00348-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARILYN MCKEITHAN,                                                    Appellant,

v.

BRADFORD CONDIT,                                                    Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Contreras and Hinojosa
### Memorandum Opinion by Chief Justice Valdez

Appellant Marilyn McKeithan appeals the trial court's declaratory judgment in favor of appellee Bradford Condit.  By five issues, McKeithan contends that (1) the trial court improperly entered death penalty sanctions before attempting to impose lesser sanctions, (2) the trial court previously determined that the property at issue is McKeithan's homestead, (3) federal courts have already determined that the property at issue is

McKeithan's homestead, (4) the trial court erred by allowing Condit to re-litigate the issue of whether the property constituted McKeithan's homestead, and (5) the trial court erred in not conditioning the award of appellate attorney's fees. We reverse and remand.

## I. BACKGROUND

According to McKeithan, in 2009, Condit, a Texas attorney, sued McKeithan, his former client, for breach of contract and fraud. McKeithan filed a counterclaim alleging breach of fiduciary duty and common law fraud. McKeithan failed to appear at the trial on the merits, and Condit prevailed on his causes of action for breach of contract and fraud, and the trial court granted a directed verdict in favor of Condit on McKeithan's counterclaims. The trial court awarded Condit $83,999. On appeal to this Court, we reversed the trial court's judgment for fraud and attorney's fees, and we remanded for a new trial.[1] *McKeithan v. Condit*, No. 13-10-00226-CV, 2013 WL 6729963, at *3 (Tex. App.—Corpus Christi Dec. 19, 2013, no pet.) (mem. op.) (remanding for new trial because the evidence was insufficient to support the post-answer default judgment).

Prior to our remand in *McKeithan*, 2013 WL 6729963, at *3, Condit added his claim for a declaration that McKeithan's real property is not her homestead in a pleading entitled, "Plaintiff's Post-Judgment Motion to Determine Real Property Status" filed on July 21, 2010. The trial court severed Condit's other claims from the declaratory judgment action and the latter forms the basis of this appeal. In the declaratory judgment cause, Condit filed a motion for sanctions against McKeithan due to her alleged discovery abuses. The trial court granted Condit's motion for sanctions, struck McKeithan's

---

[1] We affirmed the judgment regarding the breach of contract claim.

pleadings, and at the bench trial, disallowed McKeithan from testifying or offering evidence that the property at issue is her homestead.

Following the trial, the trial court ruled in favor of Condit, determining that the property is not McKeithan's homestead. The trial court awarded Condit attorney's fees for "preparation of trial of this matter" in the amount of $8,000, $15,000 for an appeal, $10,000 if a petition for review were filed, and an additional $15,000 if the Texas Supreme Court ordered briefing. McKeithan filed a motion for new trial and request for issuance of stay. The trial court held a hearing on McKeithan's motion for new trial on June 28, 2016. After considering the parties' arguments and briefing, the trial court denied McKeithan's motion for new trial. This appeal followed.

## II. DEATH PENALTY SANCTIONS

By her first issue, McKeithan contends that the trial court erred by imposing death penalty sanctions because it did not attempt to impose lesser sanctions, the sanctions imposed were not proportional, and the sanctions were excessive. Condit responds that the trial court followed the law, and therefore, it could not have abused its discretion. Specifically, Condit argues that the sole remedy for not timely supplementing discovery is exclusion of evidence, which the trial court did in this case when McKeithan "completely disregarded the duty to follow [the trial] court's discovery and disclosure requirement rules 12 times between 2009 and 2016, including failing to attend four depositions two of which were court ordered, and after having had four bankruptcy cases dismissed for either failing to disclose her assets or lying multiple times about them."

## A. Applicable Law and Standard of Review

3

Sanctions for discovery abuse serve three legitimate purposes: (1) to secure compliance with the discovery rules; (2) to deter other litigants from similar misconduct; and (3) to punish violators. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992). When a party fails to comply with proper discovery requests or fails to obey an order to provide or permit discovery, the trial court may, after notice and hearing, make such orders in regard to the failure, which includes, among other things, an order striking out pleadings, dismissing with or without prejudice the action or proceedings, or rendering a default judgment against the disobedient party. Tex. R. Civ. P. 215.2. Although punishment, deterrence, and securing compliance continue to be valid reasons for imposing sanctions, these considerations alone will not justify "trial by sanctions." *Chrysler Corp.*, 841 S.W.2d at 849; *Westfall Family Farms, Inc. v. King Ranch, Inc.*, 852 S.W.2d 587, 591 (Tex. App.—Dallas 1993, writ denied).

Notwithstanding rule 215, discovery abuse sanctions must be "just." *Chrysler Corp.*, 841 S.W.2d at 849; *TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). Moreover, so called death penalty sanctions are limited by constitutional due process.[2] *TransAm. Nat. Gas Corp.*, 811 S.W.2d at 917. Thus, "a death penalty sanction cannot be used to adjudicate the merits of claims or defenses unless the offending party's conduct during discovery justifies a presumption that its claims or defenses lack merit." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 (Tex. 2012).

---

[2] Death penalty sanctions include striking the pleadings, dismissing the case, rendering default judgment against the disobedient party, or in some cases excluding essential evidence. *In re M.J.M.*, 406 S.W.3d 292, 297 (Tex. App.—San Antonio 2013, no pet.). Condit does not dispute that the trial court issued death penalty sanctions in this case.

Absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules, sanctions that prevent a decision on the merits of a case cannot be justified. *Chrysler Corp.*, 841 S.W.2d at 849; *TransAm.*, 811 S.W.2d at 918. However, even in those cases where death penalty sanctions can be justified, a trial court must first consider less stringent sanctions and if those lesser sanctions would adequately promote compliance, deterrence, and punishment. *Chrysler Corp.*, 841 S.W.2d at 849; *TransAm.*, 811 S.W.2d at 917. In all but the most exceptional cases, before the trial court may strike a party's pleadings, the record must show that the trial court considered and tested less stringent sanctions. *Cire v. Cummings*, 134 S.W.3d 835, 842 (Tex. 2004); *GTE Commc'n Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993). Therefore, the record must "contain some explanation of the appropriateness of the sanctions imposed." *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 883 (Tex. 2003).

We review a trial court's imposition of sanctions for an abuse of discretion. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's actions, but 'whether the court acted without reference to guiding rules and principles.'" *Cire*, 134 S.W.3d at 838–39 (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985)). We reverse the ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.* at 839.

**B. Lesser Sanctions**

McKeithan argues that the trial court failed to impose lesser sanctions as required therefore the judgment must be reversed. Condit responds that the trial court did provide for lesser sanctions by ordering McKeithan to appear for depositions twice.

**1.     Pertinent Facts**

Condit filed a motion for sanctions claiming that McKeithan committed discovery abuse by failing to: (1) answer requests for disclosures; (2) answer a notice to inspect the property; (3) appear at two separate depositions, including one that the court ordered; (4) respond to requests for production; (5) file any trial documents; (6) attend the status/settlement conference; and (7) attend the docket call. The trial court then set a hearing on Condit's motion for sanctions and for trial on the merits for May 23, 2016. McKeithan and Condit proceeded pro se at the May 23 hearing.

At the hearing, the trial court admitted Plaintiff's Exhibit No. 1 which included several discovery documents that McKeithan failed to answer. Condit testified as follows:

> [McKeithan] never responded to any of the four requests for discovery in this matter. Additionally, the Court's DCC—the defendant never filed any trial documents, never attended the status or settlement conference as ordered by the [trial court], and failed to attend the docket call. That would be my testimony on the motion for sanctions.

The trial court added "of course, it's not in here, that I can remember three times that we've set this case when bankruptcy was filed prior to that time period." The trial court noted that during the pendency of the case, McKeithan had filed for bankruptcy five times. Condit remarked, "All of which were dismissed based on either lying to the Court, lying about lying, or failing to disclose assets." Condit then requested that the trial court disallow any testimony or evidence that had not been disclosed in response to the

6

discovery documents, strike McKeithan's pleadings, and enter a default judgment. Condit

then testified regarding his attorney's fees.[3]

After hearing Condit's testimony on attorney's fees, the trial court asked if there

was any more evidence regarding the motion for sanctions, and Condit said, "No Ma'am."

The trial court stated:

> All right. I personally have been involved in this matter since 2009 when the petition was filed in '09, on May 8th of 2009. I have witnessed three different attorneys for Ms. McKeithan, who generally withdraw at a timely basis when we're ready to go to trial. I know of at least two jury trials that were scuttled with . . . bankruptcies that were filed the day before, or two or three days before the jury trials.
>
> In reading Plaintiff's Exhibit Number 2 here, the bankruptcy court suggests that there [were] five bankruptcy filings, but the ones that I were [sic] versed on is after I've done the status conference and the docket control conferences, and we're ready to go and either no one—well, a bankruptcy notice and I immediately have to stop everything, Ms. McKeithan. This is as close to what I would call an abusive process in a litigation matter as I have seen on my stance on the bench. I'm not saying that everything that Mr. Condit is claiming is true, I just know there's a process and there has been a repeated attempt to scuttle, undermine the process. I personally set your deposition for a date and time and made an order, and that was the second time the deposition was set, and once again you failed to attend.
>
> You have not answered discovery, you have not followed the rules of civil procedure with regards to depositions and appearances at the same. Like I say, this is as much abuse of process I think I can see in a litigation matter. I am, ma'am, going to grant the request for sanctions, which, by the way, is not the first motion for sanction that was filed from this matter or in the severed cause of action. And I am finding that the discovery was ignored, there was no filings of leave, or extensions, or a time to answer the discovery, it was just ignored. The notices of deposition, ignored. Mr. Condit appears with a court reporter and a date and time certain, and nobody shows up. And then he filed a motion to compel, and I set a date and time certain for a deposition, and that was ignored as well. No responses to request for production.

---

[3] McKeithan asked Condit why he believed she should not be allowed to testify, and Condit replied, "Because you didn't appear at your deposition twice, *one* being court ordered." (Emphasis added). On appeal, Condit claims that the trial court ordered McKeithan to deposition two times.

I did a docket control order with regards to two trials, but at least one trial in this 2015 severed cause of action, and all of those deadlines with regards to preparation for trial went unresponded to. There was no proposed charge, any of the trial documents that were required under the DCO were completely and systematically ignored, and once again prior to the September 21st, 2015 jury trial on the—I think it was three days prior this time, there was another bankruptcy filing.

I have witnessed three attorneys come in representing Ms. McKeithan, and again they resigned or filed motions to withdraw, usually in a timely base [sic] to avoid deadlines and trials. You failed to attend, which is required attendance, the status plea deadline in front of me according to the docket control orders, and you did not attend the docket call. And, of course, you didn't attend the trial on September 21st, because you had filed another bankruptcy petition.

I think all the requisites for this sanction have been satisfied according to the directions that the Court of Appeals has given us in these matters for sanctions, and I am going to strike your pleadings with regards to any requests or—requests for relief for this Court, and I am going to exclude you from testifying with regards to any evidence that relates to and/or was not disclosed in answering requests for disclosure, notices for inspection, and requests for production.

As a result of this ruling I have received evidence—well, I'm gonna let you take it from there. There is no testimony allowed. You may proceed with the second part, which is the motion for default judgment. I've stricken the pleadings . . . .

The trial court issued a final judgment stating that McKeithan failed to answer discovery including requests for disclosures, notice to inspect the property, deposition, once by court order, and requests for production. The trial court added that McKeithan also failed to (per the docket control conference) file any trial documents, attend the status/settlement conference, and attend the docket call. Finally, the trial court noted that McKeithan "has demonstrated a history and pattern of discovery abuses in not only this cause of action but in the related cause . . . from which this case was severed."

**2. Discussion**

8

As previously set out, to uphold a death-penalty sanction, we must conclude that the record shows that the trial court tested and considered imposing lesser sanctions and offered a reasoned explanation as to the appropriateness of the sanction imposed.[4] *See Cire*, 134 S.W.3d at 840, 842 ("The discussion in the trial court's order goes beyond simply stating that lesser sanctions would not be effective; the order contains an extensive, reasoned explanation of the appropriateness of the sanction imposed, demonstrating that the trial court considered the availability of less stringent sanctions as we have required."); *see also Spohn Hosp.*, 104 S.W.3d at 882 ("We require courts to consider less stringent sanctions and whether such lesser sanctions would fully promote compliance.").

Here, the record fails to show that the trial court considered or tested any less stringent sanctions. First, the record fails to show that the trial court attempted to obtain McKeithan's compliance with the discovery rules by imposing a lesser sanction, as required, before imposing death penalty sanctions as there is no previous order in the record sanctioning McKeithan for any discovery abuse. Second, during the sanctions hearing, although the trial court recited McKeithan's numerous alleged discovery abuses,[5] it did not state that it had even considered lesser sanctions. *See Spohn Hosp.*, 104 S.W.3d at 883 ("In this case, the record is silent regarding the consideration and

---

[4] In *TransAmerican Natural Gas Corp. v. Powell*, the Texas Supreme Court concluded that the trial court abused its discretion by imposing death penalty sanctions when the offending party's president failed to appear for a deposition. 811 S.W.2d 913, 917 (Tex. 1991). The *TransAmerican* Court set out lesser sanctions that the trial court should have considered, such as ordering the deposition for a certain time and place and punishing any failure to appear by either contempt or by taxing the costs of the deposition against the offending party and awarding attorney's fees to the non-offending party. *Id.* at 918.

[5] *See Jefa Co. v. Mustang Tractor & Equip. Co.*, 868 S.W.2d 905, 910 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (noting that in a case involving death penalty sanctions, a trial court's findings of fact are not binding on the appellate court).

effectiveness of less stringent sanctions."). The trial court did not provide a reasoned explanation as to the appropriateness of imposing death penalty sanctions as opposed to lesser sanctions. *See Cire*, 134 S.W.3d at 840; *GTE Commc'ns Sys. Corp.*, 856 S.W.2d at 729–30 (concluding that the trial court abused its discretion in imposing death penalty sanctions because although "the order which the district court signed stated that lesser sanctions would have been ineffective[,]" "the court did not explain why and the record does not indicate why"); *see also Reagan v. Crenshaw*, No. 05-93-01932-CV, 1995 WL 26811, at *3 (Tex. App.—Dallas Jan. 23, 1995, no pet.) (mem. op.) (reasoning that the trial court abused its discretion by imposing death penalty sanctions because the record did not contain orders imposing lesser sanctions, documentation that the trial court considered lesser sanctions before it struck the pleadings, or findings that the trial court imposed less stringent sanctions). And the trial court did not explain why lesser sanctions would not have remedied the alleged discovery abuse in this case or that McKeithan's alleged discovery abuse justified a presumption that her claims lacked merit. *See Cire*, 134 S.W.3d at 842 ("This is an exceptional case *where it is fully apparent and documented* [in the record] that no lesser sanctions would promote compliance with the discovery rules, and the trial court did not abuse its discretion in striking [the party]'s pleadings.") (emphasis added)[6]; *see also Jones v. Andrews*, 873 S.W.2d 102, 107 (Tex. App.—Dallas

---

[6] The record in *Cire v. Cummings*, as set out by the Texas Supreme Court, established that the trial court had imposed monetary sanctions against the offending party prior to imposing death penalty sanctions, that the offending party had not paid the monetary sanctions, and that the offending party stated she could not pay any monetary sanctions. 134 S.W.3d 835, 842 (Tex. 2004). The record further showed that the trial court determined that the offending party's failure "to pay the small monetary sanction, ordered by the court, indicate[d] blatant disregard of the court's order." *Id.* The *Cire* Court concluded that the trial court's order went "beyond simply stating that lesser sanctions would not be effective" but rather contained "an extensive, reasoned explanation of the appropriateness of the sanction imposed, demonstrating that the trial court considered the availability of less stringent sanctions . . . ." *Id.* The *Cire* court excused the trial court from testing lesser sanctions because it had documented that no lesser sanctions would promote compliance with the discovery rules. *Id.* That is not the case here, however.

10

1994, no writ) (concluding that there was nothing in the record which established that the offending party's defenses lacked merit).

Condit claims that the trial court imposed a lesser sanction by ordering McKeithan to appear for two depositions. However, at the sanctions hearing, Condit testified that the trial court had previously ordered McKeithan to attend only one deposition, and in its order, the trial court stated that it had ordered McKeithan to attend one deposition. Condit cites no authority that ordering a party to appear for one deposition *alone* constitutes a lesser sanction, and we find none. In fact, the case law indicates that without more, an order to compel is not a lesser sanction. *See In re Polaris Indus., Inc.*, 65 S.W.3d 746, 753 (Tex. App.—Beaumont 2001, no pet.) ("The entry of an order to compel is not a lesser sanction under Rule 215."); *Williams v. Akzo Nobel Chems., Inc.*, 999 S.W.2d 836, 844 (Tex. App.—Tyler 1999, no pet.) (explaining that "entry of an order to compel cannot be construed as a lesser sanction under rule 215"); *In re Barnes*, 956 S.W.2d 746, 748 (Tex. App.—Corpus Christi 1997, orig. proceeding) (suggesting that a motion to compel without more does not constitute a lesser sanction); *Westfall Family Farms, Inc.*, 852 S.W.2d at 592 ("The entry of an order to compel is not a lesser sanction under rule 215(1)(b)."); *see also Ring & Ring v. Sharpstown Mall Tex., LLC*, No. 01-16-00341-CV, 2017 WL 3140121, at *9 (Tex. App.—Houston [1st Dist.] July 25, 2017, no pet.) (mem. op.) (explaining that the trial court's order compelling the party to attend deposition did not constitute a lesser sanction because it failed to award any fees or issue any sanctions); *Mendez v. Sweeny Cmty. Hosp.*, No. 14-02-00843-CV, 2003 WL 21192136, at *3 (Tex. App.—Houston [14th Dist.] May 22, 2003, no pet.) (mem. op.) (stating that the trial court's order to compel does not constitute a lesser sanction); *Rawles v. Builders Structural Servs., Inc.*, No. 05-96-

11

00467-CV, 1998 WL 35482, at *3 (Tex. App.—Dallas Feb. 2, 1998, pet. denied) (mem. op.) (agreeing that an order compelling the offending party to appear for depositions and produce requested documents was not a lesser sanction under rule 215(2)(b)).

Condit argues that McKeithan did not include the appellate record from the previous severed cause, and because she failed to do so, we must presume that the record in that cause supports the trial court's death penalty sanctions here. In *Allied Resources Corp. v. Mo-Vac Service Co., Inc.*, we held that a motion to compel constituted a lesser sanction because it clearly and unambiguously warned "that the pleadings '[would] be stricken and judgment by default granted'" if the offending party did not comply with the motion to compel within a time certain. 871 S.W.2d 773, 779 (Tex. App.—Corpus Christi 1994, writ denied). If we agreed with Condit, we would have to presume that the trial court's previous order to compel had the above-stated language. *See id.*

However, documents filed in a cause prior to a severance are part of the record of the severed cause. *N.H. Ins. Co. v. Tobias*, 80 S.W.3d 146, 148 (Tex. App.—Austin 2002, order) (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 459 (Tex. 1995)). The case summary of the previous severed cause shows that, after the trial court ruled in favor of Condit on his breach of contract and fraud claims, but prior to McKeithan's appeal in *McKeithan*, 2013 WL 6729963, at *3, the trial court granted Condit's post-judgment motion to compel and issued an order.[7] However, the trial court issued that order prior to Condit filing his declaratory judgment cause of action, which forms the basis of this appeal.[8] We are not

---

[7] That motion to compel is not included in the record. However, this is the only motion to compel in the record, and we will take Condit's assertion that the motion sought to compel McKeithan to appear at a deposition as true for purposes of our analysis. And, we will therefore presume that the order granted the relief requested.

[8] Specifically, the trial court granted Condit's post-judgment motion to compel on March 15, 2010,

12

convinced that the order to compel from the previous severed cause may serve as a lesser sanction in this cause because it could not have had a direct relationship to McKeithan's alleged discovery abuse in this cause, which related to whether her real property is her homestead, an issue previously not before the trial court. *See TransAm. Nat. Gas Corp.*, 811 S.W.2d at 917. And McKeithan's alleged discovery abuse relating to Condit's breach of contract and fraud claims could not have justified a presumption that McKeithan's defenses in this cause, which did not exist at the time the trial court issued the order, lacked merit.[9] *See id.* at 918. Thus, in this case, we disagree with Condit that we must presume that the trial court's order granting Condit's post-judgment motion to compel supports the trial court's death penalty sanctions. And even if the order in the previous severed cause stated clearly and unambiguously "that the pleadings 'will be stricken and judgment by default granted'" if McKeithan failed to comply with the motion to compel within a time certain, *see id.*, McKeithan's pleadings in this cause did not exist at the time that the trial court issued the order. Thus, we conclude that such a warning in a motion to compel unrelated to McKeithan's pleadings in this cause did not serve as a lesser sanction.

Moreover, although the trial court stated that a prior motion for sanctions had been filed in the previous severed cause, it did not state that the motion had been granted. In the previous severed cause before this Court, we noted that Condit filed a motion for

---

and Condit filed his post-judgment motion to determine real property on July 21, 2010.

[9] We note that whether McKeithan's home is a homestead neither relates to Condit's causes of action for breach of contract and fraud nor McKeithan's counterclaims, which all relate to McKeithan's alleged failure to pay Condit attorney's fees and to Condit's representation of McKeithan in a separate cause. *See McKeithan v. Condit*, No. 13-10-00226-CV, 2013 WL 6729963, at *3 (Tex. App.—Corpus Christi Dec. 19, 2013, no pet.) (mem. op.).

sanctions, but we concluded that although the trial court had stated it was striking McKeithan's pleadings for discovery abuse, the oral pronouncement was inconsistent with the manner in which it conducted the trial and with the final judgment rendered in favor of Condit. *See McKeithan*, 2013 WL 6729963, at *3. We concluded McKeithan could challenge the sufficiency of the evidence in that cause because the trial court had not imposed death penalty sanctions by striking her pleadings. *Id.* The trial court's oral threat to impose death penalty sanctions, without more, such as compelling discovery, does not constitute a lesser sanction. *See Williams,* 999 S.W.2d at 844–45 ("Noncompliance in the face of a threat of death penalty sanctions cannot justify the failure to impose lesser sanctions in the first instance.").

Because prior to imposing death penalty sanctions the trial court failed to either consider or test a lesser sanction and failed to indicate why lesser sanctions would not cure McKeithan's alleged discovery abuse, we conclude it abused its discretion and sustain McKeithan's first issue.[10] We understand the trial court's the trial court's frustration and our holding does not absolve McKeithan from the discovery abuse that troubled the trial court nor prohibit the trial court from signing a sanctions order that memorializes its concerns and comports with applicable law. See *Spohn Hosp.*, 104 S.W.3d at 882 (requiring a trial court to "consider less stringent measures before settling on sever sanctions," but reiterating that death penalty sanctions may only be imposed in the first instance when the facts of the case are exceptional and such a sanction is "clearly justified").

---

[10] Because McKeithan's first issue is dispositive, we need not address her other issues. *See* TEX. R. APP. P. 47.1.

14

### III. CONCLUSION

We reverse the trial court's judgment and remand for proceedings consistent with this memorandum opinion.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
29th day of November, 2018.