**WESTFALL FAMILY FARMS, INC.,
G. David Westfall, and Chris
Westfall, Appellants,**

v.

**KING RANCH, INC., Appellee.**

No. 05–92–00262–CV.

Court of Appeals of Texas,
Dallas.

March 4, 1993.

Charles W. McGarry, Dallas, for appellants.

Mikel J. Bowers, Andrews & Kurth, L.L.P., Dallas, for appellee.

Before BAKER, OVARD and ROSENBERG, JJ.

## OPINION

BAKER, Justice.

■ This is a death penalty sanction case.[1] The trial court granted King Ranch's motion to strike the Westfalls' answer and entered default judgment against the Westfalls. We conclude the trial court abused its discretion in entering a death penalty sanction before applying lesser sanctions. We reverse the trial court's judgment. We remand this cause for a new trial.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying lawsuit arises out of a cattle feeding agreement between King Ranch and the Westfalls. In November 1988, King Ranch sued the Westfalls for breach of the agreement. The Westfalls answered and filed a counterclaim. The record reflects the Westfalls conducted their discovery in the case first. In June 1989, King Ranch served its first request for production of documents on the Westfalls. King Ranch alleges that for almost eighteen months the Westfalls engaged in a campaign of delay, deceit, and disobedience to prevent King Ranch from getting the requested discovery.

---

**1.** Death penalty sanctions is the term given to the trial court's option to strike an offending party's pleadings, dismissing with or without prejudice the party's action, or rendering a default judgment against the disobedient party as provided under rule 215(2)(b)(5) of the Texas Rules of Civil Procedure.

To secure the discovery, King Ranch filed several motions to compel and for sanctions. This appeal involves three particular motions to compel production and for sanctions and the trial court's orders on those motions.

In April 1990, King Ranch moved to compel the Westfalls to produce documents and for sanctions for their prior failure to voluntarily or otherwise provide documents and discovery. On May 2, 1990, the court signed an order requiring the Westfalls to produce, by May 15, 1990, all documents King Ranch requested for production in their April motion. This order stated the trial court held King Ranch's motion for sanctions in abeyance.

In June 1990, King Ranch moved to strike the Westfalls' pleadings and for a default judgment against the Westfalls. This motion contained more than seven pages of allegations of discovery abuse by the Westfalls from June 1989 through June 1990. King Ranch asserted the Westfall discovery abuse was in bad faith with callous disregard to King Ranch's rights. The trial court heard King Ranch's motion on June 28. On that same day, the trial court signed an order striking the Westfall pleadings and entering default judgment against all the Westfall defendants. The trial court concluded that the only issues for trial would be actual and exemplary damages and attorney's fees.

After the entry of the June 28 order, the Westfalls filed an amended answer and counterclaim. King Ranch then filed its sixth motion for sanctions. This motion contained more than two pages of allegations of discovery abuse from July 1990 through October 1990. King Ranch requested the court sanction the Westfalls by ordering that the Westfalls could not oppose King Ranch's evidence of damages or introduce any evidence of their own about damages.

The court heard this motion on November 13, 1990. The court granted the motion for sanctions. Although the motion did not pray for the relief, the court struck the Westfalls' first amended answer and counterclaim. The order also prohibited the Westfalls from offering evidence about damages or contesting King Ranch's evidence about damages in the case.

The parties later tried the case to a jury. The jury awarded King Ranch damages of more than one-half million dollars. The Westfalls appeal this judgment.

## THE PARTIES' CONTENTIONS

### A. The Westfalls' Contentions

In their second point of error, the Westfalls contend the trial court abused its discretion by not applying lesser sanctions before striking the Westfalls' answer and granting a default judgment against the Westfalls on liability. The Westfalls contend the record shows that King Ranch asked only for death penalty sanctions. They state the record shows that the trial court neither considered nor imposed any lesser sanctions before it imposed the death penalty sanction. The Westfalls conclude that the trial court abused its discretion by its order under these circumstances.

### B. King Ranch's Contentions

King Ranch contends the trial court's death penalty sanction was just under the circumstances of this case. King Ranch asserts the Westfalls' conduct in abusing discovery was flagrant bad faith and a callous disregard of responsibilities the Westfalls owed the court and King Ranch. King Ranch argues the record is replete with occasions when the Westfalls were dilatory, broke agreements for discovery, and did not follow the court's discovery orders.

King Ranch contends that because of the history of discovery abuse, any order short of striking the Westfalls' pleadings was not enough to curb their discovery abuse. King Ranch concludes the circumstances in this case justified the trial court's imposition of death penalty sanctions without the prior imposition of lesser sanctions.

## DISCOVERY SANCTIONS

### A. Standard of Review

A trial court may impose sanctions on any party who abuses the discov-

ery process. Tex.R.Civ.P. 215;[2] *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986) (per curiam). The trial court's imposition of discovery sanctions is within that court's discretion. We set aside that decision only upon a showing of clear abuse of discretion. *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 852 (Tex. 1992) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding).

■ The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present a proper case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *City of Dallas v. Cox,* 793 S.W.2d 701, 706 (Tex.App.— Dallas 1990, no writ). Stated otherwise, we determine whether the trial court's act was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984); *Tate v. Commodore County Mut. Ins. Co.,* 767 S.W.2d 219, 222 (Tex. App.—Dallas 1989, writ denied).

■ In determining discovery sanctions, a trial court may consider the entire record and all the offending party's conduct during the litigation. *Larson v. H.E. Butt Grocery Co.,* 769 S.W.2d 694, 696 (Tex.App.—Corpus Christi 1989, writ denied). Because a trial court decided a matter within its discretionary authority in a way different from that in which an appellate court might rule under similar circumstances does not show that the trial court abused its discretion. *Southwestern Bell Tel. Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex.1965); *Tate,* 767 S.W.2d at 222.

■ To support a reversal of the trial court's actions, the trial court's imposition of the requested sanctions must amount to such a denial of an appellant's rights as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. *See* Tex.R.App.P. 81(b)(1);

**2.** All references to rules are to the Texas Rules

*Bruner v. Exxon Co., U.S.A.,* 752 S.W.2d 679, 682 (Tex.App.—Dallas 1988, writ denied). To determine the trial judge's guiding rules and principles in imposing sanctions for discovery abuse, we look to the rules as well as decisions of appellate courts of this State and of the United States. *Downer,* 701 S.W.2d at 242.

## B. The Applicable Law

### 1. The Guiding Rules

Rule 215 provides the trial court with the discretion to enter orders for failure to comply with discovery requests. The trial court may enter such orders as are just, including striking the offending parties' pleadings, refusing to allow the offending party to support or oppose designated claims or defenses, prohibiting him from introducing designated matters into evidence, or charging all or any portion of the discovery expenses for taxable court cost against the offending party or the attorney advising him. *See* rule 215(2)(b)(2), (4), (5).

If the court finds a party is abusing the discovery process, the trial court may, after notice and hearing, impose any appropriate sanction authorized by subdivision 2(b) of the rule. A trial court's sanction is subject to appellate review. *See* rule 215(2)(b).

### 2. The Purpose of Discovery Sanctions

■ A trial court abuses its discretion if the sanction it imposes does not further one of the discovery sanctions' purposes. The purposes of discovery sanctions are to: (1) secure the parties' compliance with discovery rules; (2) deter other litigants from violating the discovery rule; and (3) punish parties who violate the discovery rules. *See Bodnow Corp.,* 721 S.W.2d at 840. Rule 215 authorizes sanctions that prevent or inhibit a parties' presentation of the merits of its claims. These sanctions include excluding essential evidence, striking the pleadings, dismissal, and default. *See* rule 215(2)(b)(3), (4), (5).

of Civil Procedure unless otherwise stated.

■ The effect of death penalty sanctions is to adjudicate claims or defenses—not on their merits—but on how a party or his attorney conducts discovery. *See Braden v. Downey,* 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding). However, the trial court must reserve such sanctions for circumstances in which a party has so abused the procedural rules that, despite imposition of lesser sanctions, the court can presume the party's position lacks merit and it would be unjust to permit the party to present the substance of that position to the court. *See Braden,* 811 S.W.2d at 929; *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 918 (Tex.1991) (orig. proceeding).

### 3. The Principle

■ The choice of sanctions is a matter for the trial court's sound discretion. However, discovery sanctions must be just under the circumstances. *See TransAmerican,* 811 S.W.2d at 917. Circumstances of the case include the reasons offered and proved by the offending party or established as a matter of law on the record. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990).

■ Two factors mark the bounds of the trial court's discretion for sanctions to be just:

1. A direct relationship must exist between the offensive conduct and the sanction imposed.
   a. This means the court must direct the sanction against the abuse and toward remedying the prejudice caused the innocent party.
   b. The sanction should be visited upon the offender. The court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both.
2. Just sanctions must not be excessive.
   a. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes.
   b. A court must consider relatively less stringent sanctions first to determine whether lesser sanctions will fully promote compliance, deterrence, and discourage further abuse.

*See Chrysler Corp.,* 841 S.W.2d at 849; *TransAmerican,* 811 S.W.2d at 917; *see also Remington Arms Co. v. Martinez,* 850 S.W.2d 167, 170 (Tex.1993) (orig. proceeding).

■ Although punishment, deterrence, and securing compliance with discovery rules are valid reasons to impose sanctions, these considerations alone cannot justify a trial by sanction. We cannot justify severe sanctions that prevent a decision on the merits of the case absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities for discovery under the rules. *Chrysler Corp.,* 841 S.W.2d at 849; *TransAmerican,* 811 S.W.2d at 918. Even then, the trial court must first test lesser sanctions to determine whether they are adequate to secure compliance, deterrence, and punishment of the offender. *Chrysler Corp.,* 841 S.W.2d at 849; *TransAmerican,* 811 S.W.2d at 918.

### APPLICATION OF THE LAW TO THE FACTS

We focus our inquiry on whether the trial court's sanctions were excessive. We review the record to determine whether the trial court considered and imposed relatively less stringent sanctions first to determine whether lesser sanctions would fully promote compliance, deterrence, and discourage further discovery abuse. *TransAmerican,* 811 S.W.2d at 917.

■ Applying the *Chrysler Corp., Braden,* and *TransAmerican* standards, we hold that the trial court abused its discretion in striking the Westfalls' pleadings and entering default judgment against them. There are no orders in the record that impose lesser sanctions. There is nothing in the record to show the trial court considered lesser sanctions before it struck the Westfalls' pleadings and entered default judgment against them. There is no finding in the trial court's June 28, 1990 order stating that the trial court considered less stringent sanctions. The May 2, 1990 order to compel production specifically held

sanctions in abeyance. The entry of an order to compel is not a lesser sanction under rule 215(1)(b). *See Bair v. Hagans,* 838 S.W.2d 677, 681 (Tex.App.—Houston [1st Dist.] 1992, writ requested).

The trial court's order of November 13, 1990, struck the Westfalls' first amended answer and counterclaim. King Ranch did not request that relief from the court. There is nothing in the record to show the trial court considered lesser sanctions before it struck the Westfalls' amended pleadings and counterclaim. There is no finding in the trial court's November 13, 1990 order stating that the trial court considered less stringent sanctions.

Rule 215(1)(b) provides upon the failure of a party to comply with an order to compel, the trial court may impose the sanctions the rule provides. TEX.R.CIV.P. 215(1)(b). When the Westfalls did not comply with the trial court's May 2, 1990 order, the trial court should have considered and imposed lesser sanctions to determine whether they were adequate to secure compliance, deterrence, and punishment. *See Chrysler Corp.,* 841 S.W.2d at 849; *TransAmerican,* 811 S.W.2d at 918; *see also Otis Elevator Co. v. Parmelee,* 850 S.W.2d 179, 180 (Tex.1993). We conclude the trial court's imposition of the death penalty sanctions was not "just" under the standards set out in *Chrysler Corp., Braden,* and *TransAmerican.* We find the trial court's imposition of the requested sanctions amounted to such a denial of the Westfalls' rights that it reasonably caused and probably did cause rendition of an improper judgment. *See* TEX.R.APP.P. 81(b)(1); *Bruner,* 752 S.W.2d at 682. We sustain the Westfalls' second point of error.

The conclusion we reach on the Westfalls' second point of error is dispositive of the appeal. We need not consider the Westfalls' remaining points of error.

We reverse the trial court's judgment. We remand the cause to the trial court for further proceedings.