**Kenneth JONES, Appellant,**

v.

**Kenneth ANDREWS, Appellee.**

No. 05–92–02851–CV.

Court of Appeals of Texas, Dallas.

March 3, 1994.

---

David Hudgins, Dallas, for appellant.

Veronica L. Davis, Dallas, for appellee.

Before NYE [1], C.J., and ASHWORTH [2] and WHITHAM [3], JJ.

## OPINION

NYE, Chief Justice.

Kenneth Jones appeals from the trial court's order striking his pleadings and from the entering of a default judgment for $30,-000 against him. In four points of error, Jones contends the trial court abused its discretion by 1) imposing discovery sanctions against him because he had good cause for failing to timely answer the discovery requests; 2) striking his pleadings and rendering default judgment because the sanctions were not just or appropriate under the circumstances; 3) overruling his motion for new trial; and 4) rendering default judgment for $30,000 because no evidence was presented to support the award of damages. We sustain Jones's second and fourth points of error.

## FACTUAL AND PROCEDURAL BACKGROUND

Andrews and Jones were involved in an automobile accident. As a result, Andrews filed suit seeking damages for personal injuries, mental anguish, lost wages and property damage to his automobile. On June 29, 1992, Andrews sent Jones a request for admissions, request for production, and certain interrogatories. They were received on July 1, 1992. The responses to these discovery requests became due on August 1st. *See* Tex.R.Civ.P. 167, 168, 169. On July 27, 1992, Jones answered the request for admissions and filed a motion for protection and objections to Andrews's interrogatories and request for production. The request for production and the interrogatories to which no objection had been raised remained unanswered.

Jones's attorney maintains that these discovery requests remained unanswered be-

1. The Honorable Paul W. Nye, Chief Justice, Court of Appeals, Thirteenth District of Texas at Corpus Christi, Retired, sitting by assignment.

2. The Honorable Clyde R. Ashworth, Justice, Court of Appeals, Second District of Texas at Fort Worth, Retired, sitting by assignment.

3. The Honorable Warren Whitham, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

cause he was unable to locate his client. The record shows that Jones was incarcerated at the time the discovery responses became due. Counsel for Jones, in his brief and during oral argument, maintained that he had no knowledge of his client's incarceration prior to the hearing on the motion for sanctions. He asserted that counsel for Andrews knew Jones was in jail and failed to inform him or the court. He further maintained that he made numerous attempts to locate Jones but was unsuccessful. Because of his inability to locate his client, despite repeated attempts, counsel for Jones argued that good cause existed for Jones's failure to comply with the discovery timetable. Therefore, he maintains that the striking of Jones's pleadings was too severe and was an abuse of discretion by the trial court.

In her brief, as well as during oral argument, counsel for Andrews stated that counsel for Jones had actual and constructive knowledge that his client was in jail.[4] She argued that based upon this knowledge, counsel for Jones knew he was unable to respond to the discovery. As such, she maintained that good cause did not exist for failing to comply with the discovery requests and that this failure amounted to a conscious disregard for the discovery rules.

Andrews filed a Motion for Sanctions/Motion to Compel/Motion to Strike ("motion") on August 19th in which he asked the court to enter a default judgment against Jones. In his motion, Andrews asserted that Jones failed to respond to the request for production and the remaining interrogatories to which no objection had been raised. Andrews also argued that the objections were raised for dilatory purposes as Jones was unavailable to provide the necessary responses.

On August 28, 1992, less than two months after the request for admissions, production, and interrogatories had been sent to Jones, the trial court held a hearing on the motion.

During the hearing on the motion, counsel for Jones offered to prepare responses although they would remain unsigned as he was unable to locate Jones. Counsel for Jones further informed the court that no other discovery order had been entered prior to this first order and that no other allegations regarding discovery abuse had been made. He suggested to the court that it could impose a sanction much less severe than that requested by opposing counsel. Counsel for Andrews maintained that she was unable to prepare for the September 17th trial setting without the requested discovery responses. She suggested that Andrews had suffered approximately $30,000 in damages as a result of the accident and that she wanted to go to trial. The trial court granted Andrews's motion striking Jones's pleadings. The court then entered a default judgment and awarded Andrews $30,000 in damages.

## DISCOVERY SANCTIONS

 Sanctions may be imposed by the trial court on any party that abuses the discovery process. TEX.R.CIV.P. 215; *Westfall Family Farms, Inc. v. King Ranch, Inc.,* 852 S.W.2d 587, 590 (Tex.App.—Dallas 1993, writ denied). In reviewing a trial court's imposition of discovery sanctions, we use an "abuse of discretion" standard. Discovery sanctions will only be set aside upon a showing that the trial court clearly abused its discretion. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990); *Hanley v. Hanley,* 813 S.W.2d 511, 516 (Tex.App.—Dallas 1991, no writ). Therefore, the question on appeal becomes whether the trial court acted without reference to any guiding rules and principles. *Westfall,* 852 S.W.2d at 590; *Hanley,* 813 S.W.2d at 516.

 The purposes of discovery sanctions are to 1) secure the parties' compliance with the rules of discovery, 2) deter other

---

4. Counsel for Andrews maintains that she personally informed counsel for Jones that his client was in jail. She further asserts, in her brief, that counsel for Jones had constructive knowledge of his client's whereabouts based upon discovery requests exchanged between the parties. The statement of facts before us does not reflect that any such conversations took place between the parties regarding the whereabouts of Jones. The substance of these unrecorded telephone conversations is presented in the briefs. Counsel for Jones denies that he had any such knowledge and maintains that he was unable to locate Jones despite his repeated attempts.

litigants from violating the discovery rules, and 3) punish parties that violate the discovery rules. *Westfall*, 852 S.W.2d at 590. A trial court abuses its discretion if the sanction imposed does not further one of the enumerated purposes of discovery sanctions. *See Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986) (per curiam). However, on the other hand, to support a reversal of sanctions, the imposition of the requested sanctions must amount to such a denial of appellant's rights as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. TEX. R.APP.P. 81(b)(1); *Westfall*, 852 S.W.2d at 590.

 The general rule is that the imposition of sanctions is a matter within the discretion of the trial court. However, the sanctions imposed must be "just" under the circumstances. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991); *Bodnow*, 721 S.W.2d at 840. Therefore, a permissible sanction should be no more severe than required to satisfy a legitimate purpose. Thus, a court must consider and impose relatively less stringent sanctions first to determine whether lesser sanctions will fully promote compliance and deterrence, and discourage further abuse. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992); *TransAmerican*, 811 S.W.2d at 917; *Westfall*, 852 S.W.2d at 591. In addition, the trial court must attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both. *TransAmerican*, 811 S.W.2d at 917.

 When a trial court strikes the pleadings of a party for discovery abuse, this in effect adjudicates those claims based upon misconduct rather than the merits of the case. Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit. "Death penalty" sanctions prevent a presentation of the case on the merits and should not be imposed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules.

The rendition of a default judgment as a discovery sanction ought to be the exception rather than the rule.

## APPLICATION OF LAW TO FACTS

 During the hearing on the motion to strike, counsel for Jones suggested to the court that it impose a lesser sanction. However, the record does not indicate that the trial court considered those suggestions or any other less stringent sanction. Similarly, the trial court's order failed to shed any light on the reason(s) for the imposition of such a severe sanction. The record does not reflect that the trial court entered a discovery order which counsel for Jones intentionally disregarded nor does it reflect that he previously engaged in any discovery abuse. *See Westfall*, 852 S.W.2d at 591.

Although he maintains that he contacted opposing counsel prior to the hearing on the motion to seek an extension of time to file his discovery responses, the record does not reflect that counsel for Jones filed any motion with the court to extend the original filing deadline prior to the date of the hearing on the motion. Jones did, however, request an extension of time to comply with the discovery requests at the hearing on the motion for sanctions.

Any dilatoriness was on the part of counsel in failing to request an extension of time at an earlier date. In any event, Jones should not be precluded from defending this action. His conduct was not the cause of the discovery abuse. The record lacks any indication that Jones disregarded the discovery deadlines. The death penalty sanction, as such, punishes Jones for discovery abuse that he did not commit. Striking Jones's pleadings prevented him from asserting a defense against Andrews's claims.

Although rule 215 permits the striking of a party's pleadings for discovery abuse, it also provides for a number of less severe sanctions which may be imposed. *See* TEX. R.CIV.P. 215(2)(b). Texas case law has thoroughly spelled out the guidelines for imposing discovery abuse sanctions. The law also illustrates when death penalty sanctions might be appropriate. This sanction

amounts to an adjudication of a cause without examining the merits of the case. Therefore, this sanction should be employed when a party's hindrance of the discovery process justifies a presumption that his claims or defenses lack merit. Here, Jones denied liability for the automobile accident and challenged Andrews's alleged damages. There is nothing in the record which establishes that his defense(s) lack merit.

Based upon our review of the record, we have determined that the trial court did not comply with the guidelines and considerations stated in *TransAmerican*. We therefore hold that the trial court abused its discretion in striking Jones's pleadings and entering a default judgment in favor of Andrews.

## DAMAGES

By his fourth point of error, Jones contends that the trial court committed reversible error in rendering a default judgment against him for $30,000 because no evidence of damages was presented. After striking Jones's pleadings at the hearing on the motion for sanctions, the trial court signed an order awarding Andrews $30,000 in damages. There was no evidence presented at the hearing regarding damages. The only reference to damages came from counsel for Andrews: "[p]laintiff has sustained over $20,000 in lost wages ... $7,000 in medical bills and additional costs as related to this accident...."

■■■■■■ The law is clear that a default judgment operates as an admission of all facts set out in the plaintiff's petition except as to unliquidated damages. *Transport Concepts, Inc. v. Reeves,* 748 S.W.2d 302, 304 (Tex.App.—Dallas 1988, no writ). A court rendering a default judgment must hear evidence of unliquidated damages. *See* Tex. R.Civ.P. 243; *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). A plaintiff must present competent evidence to establish a causal nexus between the event sued upon and his injuries. *See Transport Concepts,* 748 S.W.2d at 304.

## APPLICATION OF LAW TO FACTS

■■■ Andrews's damages are unliquidated. *See Otis Elevator Co. v. Parmelee,* 850 S.W.2d 179, 181 (Tex.1993); *First Nat'l Bank v. Shockley,* 663 S.W.2d 685, 689 (Tex.App.— Corpus Christi 1983, no writ) (damages for personal injuries are unliquidated). Therefore, the trial court was required to hear evidence establishing these unliquidated damages. In spite of any admission of liability resulting from the default judgment, Andrews was still required to present sufficient competent evidence to sustain his damages claims. The record is clear that no damages hearing was held and no evidence of Andrews's damages was offered at the hearing on the motion for sanctions.

■■■■■■ Counsel for Andrews maintains that damages are liquidated if they can be calculated by the court from the petition and an instrument in writing. Andrews maintains that a sworn affidavit filed with the court, along with his responses to interrogatories and accompanying medical bills provide sufficient information by which the court could ascertain his damages claims. Andrews's reliance upon the rule regarding liquidated damages is misplaced. *See* Tex. R.Civ.P. 241. Instead, his claims are for unliquidated damages. They may not be calculated from facts in his petition and an instrument in writing not introduced into evidence. The documents he refers to merely represent his conclusory allegations regarding his damages. These documents do not establish a causal connection between the injuries alleged and the event sued upon. The trial court erred in awarding damages without first conducting a hearing requiring Andrews to prove up his unliquidated damages.

Our sustaining of Jones's second and fourth points of error is dispositive of this appeal. *See* Tex.R.App.P. 90(a). Therefore, we need not consider the remaining points of error.

We find the trial court's imposition of the death penalty sanctions amounted to such a denial of Jones's rights that it reasonably caused and probably did cause the rendition of an improper judgment. Tex.R.App.P. 81(b)(1); *Westfall,* 852 S.W.2d at 592.

The trial court's order striking Jones's pleadings is set aside. The default judgment for $30,000 is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.