**SHERMAN ACQUISITION II LP, Appellant,**

v.

**Tonie GARCIA, Appellee.**

**No. 10–06–00013–CV.**

Court of Appeals of Texas, Waco.

June 20, 2007.

Jeffrey J. Chen, Hull & Associates, PC, Houston, for appellant.

Tonie Garcia, Waco, pro se.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

### OVERVIEW

■ This appeal is from a take nothing judgment after a trial on the merits before the court. Sherman Acquisition II LP sued Tonie Garcia in county court on a sworn account and for quantum meruit [1] to

---

1. The existence of a contract, as more fully explained below, bars recovery under quantum meruit. *Murray v. Crest Const., Inc.*, 900 S.W.2d 342, 345 (Tex.1995); *Pepi Corp. v. Galliford*, No. 01–05–00788–CV 2007 Tex. App. LEXIS 1018, *10, 2007 WL 441582, at *4, —— S.W.3d ——, —— (Tex.App.-Houston [1st Dist.] Feb. 8, 2007, no pet.). According-

recover an unpaid credit card debt. Garcia did not file an answer or otherwise make an appearance. Sherman requested a default judgment. The trial court did not grant default judgment to Sherman, but rather set the case for a trial on the merits. Garcia did not appear at the trial on the merits. Upon Sherman's request, the trial court took judicial notice of the contents of its file. Sherman presented no live testimonial evidence of its damages but included in the court's file was an attorneys fee affidavit and an affidavit purporting to address the merits of its claim. The trial court rendered a take nothing judgment. This appeal followed.

Sherman vigorously asserts that its case is a suit on a sworn account and that it was entitled to judgment by the rules applicable to suits on sworn account, or alternatively by the rules applicable to default judgments, or finally by the evidence at the trial on the merits on both liability and damages. After a discussion of the background of this appeal, we first address the issue of whether Sherman was entitled to a judgment for a suit on sworn account. Because we determine that it is not, we then move to the question of whether Sherman was entitled to a default judgment, and whether it was error for the trial court to deny or refuse to grant default judgment, on both, or either, liability and damages. Because we determine that the trial court erred in not granting a default judgment on liability, but not on damages, we then must proceed to determine whether the trial court erred by rendering a take nothing judgment after a trial on the merits against Sherman. Because we determine that Sherman conclusively proved its damages, we ultimately conclude that the trial court erred in not rendering judgment for Sherman and, therefore, we reverse the trial court's

judgment and render judgment for Sherman.

## BACKGROUND

Garcia ran up a debt on his Metris credit card account. He failed to pay. Sherman acquired the debt from Metris and then sued Garcia to collect the debt. In addition to the petition, Sherman included a Request for Disclosures and Request for Admissions in the petition. Garcia did not file an answer or make an appearance. Not surprisingly, Garcia, in addition to not answering the claims in the petition, also did not answer the Requests for Admissions. Service of the petition and the Request for Admissions was reflected on the return of service.

Sherman filed a motion for default judgment on July 18, 2005. Rather than a ruling on the motion for default judgment, on July 18, 2005 the case was set for trial on November 4, 2005.

The trial on the merits was held on November 4, 2005. No jury trial having been requested, the case was tried to the court. At the trial before the court, Sherman did not specifically object to the trial court's failure or refusal to rule on any motion but Sherman did draw the trial court's attention to its entitlement to judgment based on the contents of the court's file. Sherman specifically asked the court to take judicial notice of the court's file and requested a judgment in its favor.

The trial court took judicial notice of the contents of the court's file, which contained the petition, affidavits regarding the claim and attorneys fees, and Request for Admissions to which no response had been filed.

A take nothing judgment was rendered on November 4, 2005.

ly, quantum meruit will not be further discussed herein.

Sherman requested findings of fact and conclusions of law.

Findings of fact and conclusions of law were filed.

Notice of Appeal was filed.

### TRIAL ON THE MERITS

The reporter's record on this entire trial on the merits is as follows:

### PROCEEDINGS

### NOVEMBER 4, 2005

THE COURT: Okay. This is 20050487CV1. Mr. Fisher?

MR. FISHER: Thank you, Your Honor. For the record, my name is John B. Fisher, III, and I am an attorney. I practice law in Waco, McLennan County, Texas. Hull & Associates, the attorneys for the Plaintiffs in this lawsuit, have asked me to appear today solely for the purpose of moving for a judgment, and I have some brief evidence I would like to present to the Court.

THE COURT: All right.

MR. FISHER: I would like to request the Court to take judicial notice of the case file that the Court presently has in his possession.

THE COURT: All right.

MR. FISHER: I would, second, like to be sworn in.

(Witness duly sworn)

THE COURT: All right. Proceed.

### JOHN B. FISHER, III

having been first duly sworn, testified as follows:

### DIRECT EXAMINATION

BY MR. FISHER:

I will testify as follows: That I am John B. Fisher, III, and that I am an attorney and I practice law in Waco, McLennan County, Texas, and the following testimony is not of personal knowledge. It is based strictly on information and belief.

And that testimony would be that it is my understanding that the Defendant incurred a credit card debt to a company called Metris, and that that debt was subsequently bought by the Plaintiff herein, Sherman Acquisition. And it is my understanding, based on information and belief, that that debt is a legitimate debt that is unpaid and that the Plaintiff is entitled to recover the money that they have sued for.

Also, I would like to testify, based on information and belief, that included in the Plaintiff's Original Petition are Requests for Admissions that have not been responded to as of this date, in any manner.

And that's all the testimony I have, Your Honor.

THE COURT: Anything else, Mr. Fisher?

MR. FISHER: Did the Court want to hear any type of argument?

THE COURT: I will hear anything you want to present, Mr. Fisher.

MR. FISHER: Thank you, Your Honor.

### FINAL ARGUMENT

MR. FISHER: I would like to say to the Court that I believe that Rule 241 of the Texas Rules of Civil Procedure is applicable in this situation because we have a liquidated amount that is proven by an instrument in writing, and I believe that the pleadings are sufficient to give the Defendant notice of what they were sued for and why they were sued,

and I think the Requests for Admissions certainly bolster those other reasons, and therefore, believe that when the Defendant hasn't appeared and in any way contested the charges, which constitutes a type of tacit admission, that it's a legitimate claim, that the Plaintiff is entitled to the judgment requested.

Thank you, Your Honor.

THE COURT: Mr. Fisher, I am going to deny the relief prayed for and order that the Plaintiff take nothing for this suit. Anything further?

MR. FISHER: No, Your Honor.

### THE APPEAL

Sherman brings three issues. The issues are as follows:

1. The trial court erred in ordering that the Plaintiff take nothing by way of its suit.

2. The trial court erred in not granting the Plaintiff's Default Judgment; and

3. The trial [court] improperly set the matter for trial.

All three issues are somewhat interrelated, and will be discussed as necessary, as described above.

### SWORN ACCOUNT

 If Sherman properly pleaded a suit on a sworn account, it is entitled to judgment, not so much because of the default of Garcia, but because Garcia did not file a sworn denial of the account. *See* TEX.R. CIV. P. 185. But as the trial court properly noted, a suit on a sworn account must be based upon a transaction involving "a sale on one side and a purchase on the other whereby title to personal property passes from one to another." *Tully v. Citibank (S.D.), N.A.,* 173 S.W.3d 212, 216 (Tex.App.-Texarkana 2005, no pet.). This case involves the extension of credit. Some credit extensions were to fund the purchase of goods or services at the point of purchase; others are alleged to have been cash advances. Sherman has not properly pleaded a claim upon which a suit on a sworn account for these types of transactions can be based.

### DEFAULT JUDGMENT

 Ordinarily, the denial of a default judgment is an interlocutory order not subject to appeal. *Aguilar v. Livingston,* 154 S.W.3d 832, 833 (Tex.App.Houston [14th Dist.] 2005, no pet.). This is the natural result of the denial of a motion that does not result in a judgment because the refusal to rule on, or the denial of, a dispositive motion, does not normally result in a ruling or other final judgment about which complaint can be made. Usually, after the denial, or refusal to rule, the proceedings progress and are ultimately resolved and the denial or refusal to rule on the motion becomes moot because other events in the proceeding have resulted in a judgment.

We have previously reviewed the denial of a motion for default judgment which was filed and ultimately denied after an answer was filed. *Aguilar v. Alvarado,* 39 S.W.3d 244, 248 (Tex.App.Waco 1999, pet. denied) ("Rather, Aguilar's first request for a default judgment occurred in his motion, filed *after* Alvarado filed his answer, in which he asked the trial court to strike Alvarado's answer and enter a default judgment."). And at least one other appellate court, citing our *Aguilar* case, has considered the denial of a default judgment when, as here, the denial is challenged in an appeal from a final judgment or order. *Aguilar v. Livingston,* 154 S.W.3d 832, 833 (Tex.App.Houston [14th Dist.] 2005, no pet.). Review of the denial of a motion for default judgment is under the abuse of discretion standard. *Id.*

Initially we must determine whether the trial court's failure or refusal to grant a default judgment was properly preserved. In *Aguilar v. Alvarado*, the motion was made and specifically denied after the answer had been filed. Thus, as with any issue that needs to be preserved, Aguilar had pursued the objection to an adverse ruling. *See* Tex.R.App. P. 33.1. The appellant, Aguilar, was arguing that the trial court, notwithstanding that an answer had been filed, should have granted the motion for default judgment.

In the present case, however, there is some question whether proceeding to trial without an express ruling on the motion would be a waiver of the motion by Sherman. Alternatively, it could be argued, that setting the case for trial rather than granting default judgment was an implied denial of the motion by the trial court. Tex.R.App. P. 33.1(a)(2)(A). Or finally, a third alternative argument is whether preservation would require that the movant object to the trial court's failure or refusal to rule on the motion. Tex.R.App. P. 33.1(a)(2)(B).

At the trial on the merits, in Sherman's opening statement, consisting of one paragraph, Sherman advised the court that it was there to move for judgment. And in its closing argument, also of only one paragraph, Sherman specifically argued that it was entitled to judgment under Rule 241 of the Texas Rules of Civil Procedure (default judgment on liquidated damages). Immediately thereafter, the trial court rendered a take nothing judgment against Sherman. Because it is clear that Sherman did not waive its claimed right to a default judgment and continued to press the court for a default judgment based upon the contents of the court's file, and further because it is clear that the trial court understood Sherman's request, we conclude that the issue of whether the trial court erred in failing to render a default judgment was adequately preserved. Tex. R.App. P. 33.1.

### LIABILITY AND DAMAGES

■ We now address the question of whether the trial court erred in not rendering a default judgment in favor of Sherman on either, or both, liability and damages. A plaintiff is generally entitled to a default judgment against a defendant who fails to file an answer within the time allowed and fails to appear when the trial court calls the case for trial. Tex.R. Civ. P. 239. A defendant who neither answers nor appears has " 'admitted' the facts properly pled and the justice of the opponent's claim." *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979).

Just because we have determined that this was not a suit on a sworn account, we cannot disregard the remaining allegations if they support a claim for breach of contract. A suit on a sworn account is a special type of suit on a contract. We hold that while Sherman did not bring itself within the rule regarding a suit on a sworn account, its allegations are sufficient to allege a traditional suit for breach of contract. After reviewing the original petition, we find that it contained a sufficient allegation of breach of contract, and the trial court should have entered default judgment for Garcia's liability on the claim upon that basis. The trial court abused its discretion in failing to enter the default judgment. But this is only as to liability. A default judgment on liability does not address the merits of the allegations regarding unliquidated damages. *Transp. Concepts, Inc. v. Reeves*, 748 S.W.2d 302, 304 (Tex.App.-Dallas 1988, no writ).

### LIQUIDATED DAMAGES VS. UNLIQUIDATED DAMAGES

■ The general topic of default judgments and the critical distinction between

liquidated and unliquidated damages is addressed in an excellent opinion by Justice Johnson, now on the Texas Supreme Court, when he was a justice on the Seventh Court of Appeals in Amarillo. *Arenivar v. Providian Nat'l Bank,* 23 S.W.3d 496, 497–498 (Tex.App.-Amarillo 2000, no pet.). As Justice Johnson explained,

Once a default judgment is taken against a non-answering defendant on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except for the amount of damages. *Texas Commerce Bank, Nat. Ass'n v. New,* 3 S.W.3d 515, 516 (Tex. 1999). If the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, unless the defendant demands and is entitled to a trial by jury. Tex.R. Civ. P. 241. A claim is liquidated if the amount of damages caused by the defendant can be accurately calculated from (1) the factual, as opposed to conclusory, allegations in the petition, and (2) an instrument in writing. *Pentes Design, Inc. v. Perez,* 840 S.W.2d 75, 79 (Tex.App.-Corpus Christi 1992, writ denied). Whether a claim is liquidated must be determined from the language of the petition, as a seemingly liquidated claim may be unliquidated because of pleading allegations which require proof for resolution. *See Irlbeck v. John Deere Co.,* 714 S.W.2d 54, 57 (Tex.App.-Amarillo 1986, writ ref'd n.r.e.).

If the damages being claimed are unliquidated, the court rendering a default judgment must hear evidence as to damages. Rule 243; *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex. 1992). Rule 243 does not prescribe either the manner in which the hearing is to be conducted or the character of evidence which is required. Rule 243; *see New,* 3 S.W.3d at 516–17 (affidavits are sufficient evidence to support unliquidated damages award). However, it is error for the trial court to fail to conduct a hearing and to require proof of unliquidated damages before rendering default judgment for such damages. *See Jones v. Andrews,* 873 S.W.2d 102, 107 (Tex. App.-Dallas 1994, no writ).

*Arenivar v. Providian Nat'l Bank,* 23 S.W.3d 496, 497–498 (Tex.App.-Amarillo 2000, no pet.).

Examples of unliquidated damages are personal injury damages, claims based on repair estimates, and the determination of property value absent written instruments verifying the value. *See Jones v. Andrews,* 873 S.W.2d 102, 107 (Tex.App.-Dallas 1994, no writ) (damages for personal injuries are unliquidated); *Alvarado v. Reif,* 783 S.W.2d 303, 305 (Tex.App.-Eastland 1989, no writ) (claim for damages based on repair estimate is not a liquidated damage); *Willacy County Appraisal Review Bd. v. South Padre Land Co.,* 767 S.W.2d 201, 204 (Tex.App.-Corpus Christi 1989, no writ) (determination of property value is not liquidated demand where only evidence of property value was the conclusory allegation of value in plaintiff's unsworn petition).

A claim is liquidated if the amount of damages may be accurately calculated by the trial court from the factual, as opposed to the conclusory, allegations in plaintiff's petition and the instrument in writing. *Novosad v. Cunningham,* 38 S.W.3d 767, 773 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (suit to recover amount due for professional services was a liquidated claim proven by written instruments); *Mantis v. Resz,* 5 S.W.3d 388, 392 (Tex.App.-Fort Worth 1999, pet. denied), *overruled on other grounds, Sheldon v. Emergency Medicine Consultants,* 43 S.W.3d 701, 702–03 (Tex.App.-Fort Worth

2001, no pet.) (in a suit on a sworn account, the petition with an attached sworn account and verified affidavit of the sworn account was a liquidated claim proved by written instruments); *Sheshunoff & Co. v. Scholl,* 560 S.W.2d 113, 115 (Tex.Civ.App.-Houston [1st Dist.] 1977), *rev'd on other grounds,* 564 S.W.2d 697 (Tex.1978) (no further proof was required in suit to recover damages for breach of employment contract because the claim for damages was liquidated and proved by the employment contract attached to the petition). We disagree with Sherman's conclusion that the damages here are liquidated. As explained below, we agree, however, that sufficient evidence of damages was presented to prove Sherman's damages.

### UNLIQUIDATED DAMAGES

Having found that Sherman was entitled to a default judgment based on the petition's allegations regarding liability and the defendant's failure to answer, our decision leaves Sherman with the need to prove its unliquidated damages. Sherman alleges it proved damages via an affidavit or, alternatively, deemed admissions.

At the trial, Sherman submitted damages evidence in the form of request for admissions that were deemed admitted and affidavits. We will address those in reverse order.

### AFFIDAVIT

When a claim is for unliquidated damages, "the court shall hear evidence as to damages and shall render judgment therefor ..." TEX.R. CIV. P. 243; *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). For an unliquidated claim, testimony of the total amount due is sufficient to support an award of damages, and the testimony may be supplied by affidavits. *Texas Commerce Bank v. New,* 3 S.W.3d 515, 517 (Tex.1999); *Barganier v.*

*Saddlebrook Apartments,* 104 S.W.3d 171, 173 (Tex.App.-Waco 2003, no pet.); *Irlbeck v. John Deere Co.,* 714 S.W.2d 54, 57 (Tex. App.-Amarillo 1986, no writ).

In the past, the first issue has been whether affidavits constitute evidence as required by Rule 243. That rule provides:

> If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket.

TEX.R. CIV. P. 243.

Although several courts of appeals had held that affidavits constitute evidence of unliquidated damages, at least one court of appeals held that they did not. *New v. Texas Commerce Bank,* 971 S.W.2d 711, 714 (Tex.App.-Austin 1998), *rev'd in part,* 3 S.W.3d 515 (Tex.1999). To reject the affidavit the court of appeals had concluded that Rule 802 of the Texas Rules of Evidence, the hearsay rule, prevents the use of affidavits "because the application of Rule 802 anticipates opposing counsel's and/or an opposing party's presence at the hearing to object to such inadmissible hearsay." *Id.* The lower court in *New* further concluded, therefore, that a trial court does not hold "an evidentiary hearing merely by accepting the affidavits attached to [the] motion." *Id.*

The Texas Supreme Court held that the court of appeals was incorrect, holding

> Rule 802 says, "Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." Nothing in Rule 802 limits its application to contested hearings. The rule is not ambiguous and requires no explication. Consequently we will

give it none. Because unobjected to hearsay constitutes probative evidence, it satisfies the requirement of Rule 243 that there be evidence of unliquidated damages. The trial court did not err when it considered the affidavits in rendering its default judgment. *Texas Commerce Bank v. New,* 3 S.W.3d 515, 517 (Tex.1999).

In the case now before this Court, it appears that the trial court concluded that damages could not be properly proven through affidavit. To the contrary, a trial court may rely on affidavits in proving unliquidated damages in default judgments; in fact it is error to not consider the affidavits. *Id.* Rule 802 of the Texas Rules of Evidence, the hearsay rule, will not prevent use of evidence in the form of affidavits. *Id.* Affidavits are probative evidence of unliquidated damages. *Id.* "Testimony of the total amount due under a written instrument is legally sufficient to support an award of that amount in a default judgment proceeding." *Id.*

But not just any affidavit will do. Sherman's affidavit in support of damages is signed by an unidentified "attorney in fact," states the amount due on the account, and that the "amount is within the knowledge of affiant just and true." An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally in-

sufficient. *Humphreys v. Caldwell,* 888 S.W.2d 469, 470 (Tex.1994). The trial court rejected the evidentiary value of the affidavit. Specifically, as to the affidavit relied upon to prove damages, the trial court found the affiant's source of knowledge was not stated and, as such it was not adequate for the purposes of proving Sherman's damages.[2] We agree. Accordingly, the affidavit is not sufficient as evidence of Sherman's damages.

### ATTORNEY'S FEE AFFIDAVIT

The other affidavit in the record was from one of Sherman's attorneys. We believe it was legally sufficient to support an attorney's fee award. It stated that the affiant is a duly licensed attorney, that he was familiar with the usual and customary attorney's fees in McLennan County, and, based on his knowledge of the services rendered to Sherman on this matter, $2,224.03 was a reasonable and customary fee for prosecuting this claim. Because there was no controverting evidence, this was legally sufficient to establish an award for and Sherman's entitlement to attorney's fees. *Texas Commerce Bank v. New,* 3 S.W.3d 515, 516–518 (Tex.1999).

### REQUEST FOR ADMISSIONS

### (DAMAGES AND ATTORNEY'S FEES[3])

Sherman served a request for admissions, as part of its petition, on Garcia.

---

2. The findings of fact relevant to the affidavit are as follows:

FINDING OF FACT NO. 5. Plaintiff attached to its original petition an *Affidavit* of an unidentified individual.

FINDING OF FACT NO. 6. The affidavit of the unidentified individual claimed that the unidentified individual was *Attorney in Fact for Sherman Acquisition II LP.*

FINDING OF FACT NO. 7. The affidavit of the unidentified individual did not claim that the unidentified individual was a representative of Metris in any capacity.

FINDING OF FACT NO. 8. The affidavit of the unidentified individual failed to state any facts supporting the statement that the unidentified individual had personal knowledge about the subject matter of this suit. These findings have not been attacked on appeal.

3. The holding that the deemed admissions are sufficient to conclusively establish attorney's fees is an alternative holding to the sufficiency of the attorney's fee affidavit. We note that the deemed admissions would also support all

Garcia did not file an answer or other response. The requests were, therefore, deemed admitted. Tex.R. Civ. P. 198.2(c). The deemed admissions included the following:

3. Defendant understood from the time the account made a basis of Plaintiff's Original Petition was opened that use of the credit card results in a loan being made to Defendant for the amount charged or cash advance requested.

4. Defendant understood from the time the account made a basis of Plaintiff's Original Petition was opened that Defendant is required and obligated to repay all charges or cash advances incurred on the account.

6. Defendant made the purchases and took cash advances using the credit card made a basis of Plaintiff's Original Petition.

15. Defendant did promise to pay Plaintiff for said account.

17. Defendant has failed to pay Plaintiff for said account.

18. Plaintiff made written demand upon Defendant for payment of said account.

19. Written demand was made for payment of said account more than 30 days prior to filing this lawsuit.

20. Defendant has breached the contract made a basis of Plaintiff's Original Petition.

21. Defendant presently owes Plaintiff the amount of $6,672.08 on said account.

26. The terms of the credit card agreement made a basis of Plaintiff's Original Petition allowed Defendant to be charged late fees if Defendant's monthly payments were late and over credit limit

of the elements of a suit for breach of contract as an alternative to Sherman's entitlement to

fees if Defendant exceeded the credit limit.

27. A reasonable attorney fee for Plaintiff's attorney for the prosecution of this lawsuit would be at least the amount of $2,224.03.

The request for admissions was imbedded in the petition. No objection is made to this procedure and by our holding we express no opinion upon the propriety of this form of request for admissions or its service. *See Steffan v. Steffan,* 29 S.W.3d 627, 629–631 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). The trial court took judicial notice of the contents of its file. The file included the request for admissions and proof of service in the form of a return of service contained in the file.

In examining the record before us, Garcia failed to timely answer the request for admissions, or to file written objections, or to file a motion to file answers late. They were, therefore, deemed admitted. Admissions, once deemed admitted, are judicial admissions and Garcia may not then introduce controverting testimony in the legal proceeding related thereto. *Shaw v. National County Mut. Fire Ins. Co.,* 723 S.W.2d 236, 238 (Tex. App.-Houston [1st Dist.] 1986, no writ). Deemed admissions may be employed as proof, *Elkins v. Jones,* 613 S.W.2d 533, 534 (Tex.Civ.App.-Austin 1981, no writ) (summary judgment); and once admissions are deemed admitted by operation of law and where said admissions fully support each element of a cause of action, including damages, they will fully support a judgment based thereon. This is because unanswered requests for admissions are deemed admitted "without the necessity of a court order" and any matter thus admitted is "conclusively established" as being

a default judgment on liability.

true. TEX.R. CIV. P. 198.2(c), 198.3. Thus, the facts admitted may not be contradicted by evidence at the trial. *Marshall v. Vise,* 767 S.W.2d 699, 700 (Tex.1989); *Shaw v. National County Mut. Fire Ins. Co.,* 723 S.W.2d 236, 238 (Tex.App.-Houston [1st Dist.] 1986, no writ).

Because the trial court would have been able to ascertain the amount of damages and attorney's fees based on the request for admissions, we conclude that the evidence conclusively established the amount of damages to Sherman and attorney's fees and that the trial court erred in failing to render judgment for Sherman.

### CONCLUSION

The trial court erred in determining that Sherman take nothing because Sherman conclusively established the amount of Sherman's damages. Sherman was entitled to a default judgment on liability. At the trial on the merits, the file of which the trial court took judicial notice contained the request for admissions. This was conclusive evidence of damages and attorney's fees which could not be contradicted. We reverse the judgment of the trial court and render the judgment the trial court should have rendered, TEX.R.APP. P. 43.2(c), for damages in the amount of $6,672.08, attorney's fees in the amount of $2,224.03, prejudgment interest on $6,672.08 from July 13, 2004 to November 4, 2005 at the rate of 6% per annum, and postjudgment interest at the rate of 6% per annum on the amount of the judgment from November 5, 2005 until paid.