**Affirmed and Opinion Filed February 22, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00311-CV

### ISAIAH RAMIREZ, Appellant
### V.
### BAM! PIZZA MANAGEMENT, INC. D/B/A DALLAS DOMINO'S CO.,
### Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-12881**

## MEMORANDUM CONCURRING OPINION

Before Justices Nowell, Miskel, and Kennedy
Concurring Opinion by Justice Miskel

I concur in the judgment but not the majority opinion's reasoning. I would affirm the judgment of the trial court; however, because I conclude that the relevant statements are not even competent evidence that would support a judgment, I believe we do not need to address their weight or credibility.

The majority opinion highlights that Ramirez's only evidence supporting his request for damages for pain and suffering and physical impairment consisted of two conclusory statements in his affidavit.

The Texas Supreme Court has noted that conclusory affidavits are not sufficient to raise a fact issue. *See, e.g.*, *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *see also Rivera v. White*, 234 S.W.3d 802, 807 (Tex. App.—Texarkana 2007, no pet.) (recognizing that the conclusory nature of the plaintiff's statements set forth in her affidavit as to the value of her alleged pain and suffering provided no facts to support rendition of summary judgment).

Damages for pain and suffering and physical impairment are unliquidated damages. *See, e.g.*, *Rivera*, 234 S.W.3d at 806. A court rendering a default judgment in a personal injury case must hear evidence supporting the award of unliquidated damages. *See* TEX. R. CIV. P. 243; *Jones v. Andrews*, 873 S.W.2d 102, 107 (Tex. App.—Dallas 1994, no writ) (holding that the plaintiff's sworn affidavit and other documents represented merely his conclusory allegations regarding his damages and did not establish a causal connection between the injuries alleged and the event sued upon). For example, generalized, conclusory descriptions of how an event affected a person are insufficient evidence on which to base mental anguish damages. *Anderson v. Durant*, 550 S.W.3d 605, 619 (Tex. 2018) (citing *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 232 (Tex. 2011)); *Boeke v. Collins*, No. 05-22-01066-CV, 2023 WL 7871678, at *6 (Tex. App.—Dallas Nov. 16, 2023, no pet.) (mem. op.).

Here, there was no fact evidence, beyond conclusory statements, to support an award of damages for pain and suffering. Further, to receive damages for physical

–2–

impairment, the injured party must prove that the effect of his physical impairment extends beyond any impediment to his earning capacity and beyond any pain and suffering, to the extent that it produces a separate and distinct loss that is substantial and for which he should be compensated. *Dawson v. Briggs*, 107 S.W.3d 739, 752 (Tex. App.—Fort Worth 2003, no pet.). In *Dawson*, the plaintiff offered only conclusory testimony regarding physical impairment at the default judgment prove-up hearing. *See id.* The appellate court concluded that the plaintiff's testimony merely agreeing that she had experienced a substantial disruption of, and was not able to carry on with, her daily activities provided no evidence of past physical impairment beyond pain and suffering when she did not testify concerning what daily activities she was unable to perform. *Id.* at 752–53. Likewise, in this case, there were no facts supporting an award of damages for physical impairment.

The general rule is that bare conclusions—even if unobjected to—cannot constitute probative evidence. *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex. 2004). In spite of any admission of liability resulting from the default judgment, Ramirez was still required to present sufficient competent evidence to sustain his damages claims. *Jones*, 873 S.W.2d at 107. I would also affirm the trial court's denial of Ramirez's claimed damages for past pain and suffering and for past physical impairment, but I would do so because his conclusory allegations regarding his damages are not competent evidence that would

support a judgment.

230311cf.p05

/Emily Miskel/
EMILY MISKEL
JUSTICE